UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUYLLA TAUTAU,<br><br>        Plaintiff,<br><br>   v.<br><br>F.B.I.,<br><br>        Defendant. | No. 2:19-cv-01126 JAM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

////

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Moreover, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). The court must dismiss the case *sua sponte* if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

On June 19, 2019, plaintiff[1] filed a form complaint against the "F.B.I. of Sacramento, CA, Texas, & Georgia." ECF No. 1. As the basis for this court's jurisdiction, plaintiff selects both Federal Question and Diversity of Citizenship and states: "There is currently a wide variety of

---

[1] The complaint caption indicates multiple plaintiffs: "Judy, Jackie, Jorda, C.J., [illegible] Thompson and Tuylla Tautau." ECF No. 1 at 1. The section for designating the parties lists the "Thompson and Tautau Families" as plaintiffs. Id. at 2. However, only Tuylla Tautau signed the complaint and, as a non-attorney pro se litigant, Tautau cannot represent others. See Fed. R. Civ. P 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (a plaintiff proceeding pro se cannot pursue claims on behalf of others). Even "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Accordingly, this complaint proceeds with Tuylla Tautau as the sole plaintiff.

statues and laws that currently in direct violation of our civil rights, liberties, among other discrepancies in this situation [sic]." Id. at 4. Plaintiff seeks unspecified damages for "lost income, physical, and emotional distress," including punitive damages "due to the nature of these crimes." Id. at 5, 6. The section for a statement of the claim is blank. Id. at 5.

B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, or plaintiff's entitlement to relief, even though those things are required by Fed. R. Civ. P. 8(a)(1), (2). Plaintiff's complaint fails to provide any information regarding the nature of the claims or causes of action at issue. The court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or how the only named defendant was involved.

The complaint also fails to state a cognizable cause of action. To the extent plaintiff is alleging civil rights violations by the FBI, those claims are barred. "The United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity." Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th Cir. 2003) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). In such cases, absent a waiver of sovereign immunity, courts have no subject matter jurisdiction. United States v. Mitchell, 463 U.S. 206, 212, 580 (1983). "[T]he FBI is a federal agency and . . . Congress has not revoked its immunity." Gerritsen v. Consulado Gen. De Mexico, 989 F.2d 340, 343 (9th Cir. 1993) (affirming district court order dismissing the FBI as a defendant in a civil rights case because it lacked jurisdiction over suits against a federal agency absent express statutory authorization). Federal agencies, including the FBI, are not generally amenable to suit, and if there is no applicable statutory basis to sue this federal agency, the court lacks jurisdiction over the complaint. To the extent plaintiff is asserting civil rights claims against the FBI, itself, these claims are dismissed with prejudice and without leave to amend for failure to state a claim.

However, if instead, plaintiff is intending to sue individual FBI agents (or other federal actors) in their individual capacities, such a suit would not be barred. So-called "Bivens" actions are the judicially crafted counterparts to 42 U.S.C. § 1983 (which only applies against state or

local officials), and enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). A Bivens action arises out of "illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right." Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 909 (9th Cir. 2003). Bivens allows for liability for individuals who are in direct employ of the federal government, including FBI agents. A Bivens claim is not, however, available against a federal agency itself. FDIC v. Meyer, 510 U.S. 471, 486 (1994). To prevail on a Bivens claim, a plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law. Morgan v. United States, 323 F.3d 776, 780 (9th Cir. 2003). "The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue." Iqbal, 556 U.S. at 676.

Because it is unclear precisely what the basis of plaintiff's claims are, and whether another defendant might be named who is amenable to suit, the undersigned will not presently recommend dismissal of this action. Rather, plaintiff will be provided an opportunity to amend the complaint to cure the identified deficiencies to the extent plaintiff can do so in good faith.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

////

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Finally, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you, how this defendant was involved, or how you are entitled to relief. Because the complaint as written does not establish a basis for federal jurisdiction, and does not identify a valid legal cause of action, it will not be served on the defendant. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction, names a defendant who is amenable to suit, and contains a clear statement of facts. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against

the defendant. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of entry of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 30, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE